IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN A. CROSTHWAIT | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-431 |
| WARDEN NORSWORTHY, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff John A. Crosthwait, an inmate confined at the Stiles Unit, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

### Discussion

Plaintiff paid the filing fee in the above-styled action. Accordingly, on December 6, 2021, an Order was entered directing the Clerk to deliver summonses to Plaintiff so that he could serve the Defendants in accordance with FED. R. CIV. P. 4.

Plaintiff failed to properly serve the Defendants within the time limits provided by the rules. Therefore, on March 28, 2022, a Report was issued recommending dismissal of the action under Rule 4.

Plaintiff filed objections to the Report asserting that he had served the Defendants by certified mail. Plaintiff subsequently filed a Proof of Service indicating the summons for Warden Norsworthy was served by certified mail on February 5, 2022 (doc. #20). A review of the Return Receipt, however, reveals no signature of the person receiving the mail. Plaintiff also filed a Notice of Service of Summons (doc. #21) in which he states he served the warden on February 5, 2022 and "'somebody' in the office of the 'warden' signed for the summons on his behalf." Finally, Plaintiff filed a Motion for Leave to Give Notice (doc. #22) in which he notified the court that, while he has not received a Certified Return Receipt, he can show service of the Defendants by the United States Postal Service tracking data. A review of the tracking information reveals only that the item was delivered and "Left with Individual" on February 5, 2022.

Based on Plaintiff's failure to properly serve the Defendants another Report was entered on July 29, 2022 recommending dismissal pursuant to Rule 4(m). Plaintiff objected to the Report asserting that prison officials have "intentionally obstructed" personal service and the Defendants have intentionally not signed receipts for service. On May 2, 2023, after considering Plaintiff's allegation that the Defendants are evading service in this case and the fact that Plaintiff will be barred by the applicable statute of limitations if he tries to refile his lawsuit, the undersigned provided Plaintiff an additional twenty days to accomplish service in this case.

<u>Analysis</u>

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

*Pro se* status does not excuse a litigant's failure to effect service. *Systems Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiff bears the burden of proving good cause for failure to effect timely service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Furthermore, the dismissal is mandatory absent a showing of good cause. *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990).

In this case, Plaintiff has had more than seventeen months to serve the Defendants, when the rules only provide ninety (90) days. Plaintiff has failed to provide proof of service indicating that service has been accomplished in accordance with the rules. Further, Plaintiff has failed to show good cause for such an extended delay in serving the Defendants.[1] As set forth above, *pro se* status

---

[1] The copy of the most recent order sent to Plaintiff was returned to the court as undeliverable as addressed. FED. R. CIV. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). The orderly and expeditious disposition of cases requires that if a litigant's address changes, he has a duty to inform the court of the change. Further, Eastern District of Texas Local Rule CV-11(d) requires *pro se* litigants such as Plaintiff to provide the court with a physical address and keep the clerk advised in writing of a current address. The exercise of the power to dismiss for failure

does not excuse Plaintiff's failure to effect service. Therefore, Plaintiff's claims should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m).

Recommendation

For the reasons set forth above, Plaintiff's claims should be dismissed without prejudice.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 30th day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

to prosecute is committed to the sound discretion of the court. *See Green v. Forney Eng'g Co.*, 589 F.2d 243, 245 (5th Cir. 1979).

Plaintiff has failed to provide the court with a current address at which he may be contacted, hindering the court's ability to communicate with him and move this case towards resolution. Plaintiff has therefore failed to diligently prosecute this case. Accordingly, this case should also be dismissed for want of prosecution pursuant to FED. R. CIV. P. 41(b).